DENNIS, Justice.
Defendant, Charles Lusk, was convicted by a judge of possession of heroin with intent to distribute, La.R.S. 40:966, and sentenced to life imprisonment at hard labor. He appealed and urges three assignments of error.
Acting on a tip from a confidential informer that defendant, Charles Lusk, had in his possession a blue balloon containing heroin, law enforcement officers located defendant at a dice game in a Scotlandville bar and arrested him for possession of heroin with intent to distribute. Two of the officers testified that when they entered the bar with their guns drawn Lusk pulled a blue balloon from his pocket and threw it under the dice table. The blue balloon contained seven smaller balloons and some heroin. The State’s evidence did not disclose the quantity of heroin involved or the manner in which it was arranged within the seven balloons. One of the officers testi *1126 fied that Lusk had no track marks on his arms. Lusk testified that he did not throw anything under the dice table, that he did not use heroin and that he did not know what it looked like. Six of the dice players testified that they did not see Lusk toss anything under the table.
Reversible merit is presented by defendant’s assignment of error number 8. By this assignment defendant argues that the court erred in using impeachment evidence as substantive evidence of the offense.
Approximately one week after his arrest, while in jail, the defendant told a police-officer, “I don’t use that [heroin]. What you got was for sale.” During presentation of the State’s case-in-chief, the prosecutor asked the police officer to relate the incul-patory statement to the court. The trial judge sustained defense counsel’s objection to introduction of the statement because the defendant had not been advised of his constitutional rights immediately prior to his making the incriminating remark.
When the defendant took the stand he denied ever having seen heroin or having made an inculpatory statement to an officer while in jail. In rebuttal, the State introduced the inculpatory statement for purposes of impeaching the defendant’s testimony under the holding in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).
When the trial judge found the defendant guilty of possession of heroin with intent to distribute he indicated in his oral reasons for judgment that he considered the inculpatory statement as evidence available to the prosecution in its case-in-chief.[1] In doing so, he clearly erred. The statement used to impeach the defendant’s direct testimony was, under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and La.Const.1974, Art. 1, § 13, constitutionally inadmissible as part of the State’s direct case against petitioner. The rationale of Harris v. New York that “sufficient deterrence [of proscribed police conduct] flows when the evidence in question is made unavailable to the prosecution in its case in chief,” 401 U.S. at 225, 91 S.Ct. at 645, of course, does no more than allow an accused’s credibility to be impeached by use of his earlier tainted statement. Consequently, the defendant’s conviction was founded in part upon inadmissible evidence and must be set aside.[2] However, since the reversal is due to trial error, rather than a finding that the evidence is insufficient, there appears at present to be no constitutional prohibition to a retrial of the charged offense. See, Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); State v. Allien, 366 So.2d 1308 (La.1978); State v. Thompson, 366 So.2d 1291 (La.1978).

*1127
Decree

For the reasons assigned, defendant’s conviction and sentence are reversed and the case is remanded for further proceedings in accordance with the views set forth herein.
REVERSED AND REMANDED.
BLANCHE, J., dissents and assigns reasons.
SUMMERS, C. J., and MARCUS, J., dissent.

. The judge’s reasons, in pertinent part, were as follows:
“At the end of the State’s case, I had some doubt as to whether or not the heroin was possessed with the intent to distribute because I had no evidence as to what quantity of heroin can be used by an individual, whether he can use six doses in a day or in two days. I would say if he used six doses of two a day, that’s a three days supply, that would not be sufficient evidence that he intended to distribute this marijuana — this heroin. The only evidence I had was that he did not have track marks on him. But that was on his arms, and from my experience, I know that heroin addicts sometimes use their heels and their knees and other areas of the body where track marks are not easily discernable for the purpose of concealing them. However, that doubt was removed when Mr. Lusk took the stand and testified that he did not use heroin, he had no tracks on him, and then that was later corroborated by his statement in the prison relative to the fact that he did not use heroin, that the items that he had were for sale. So the issue of intent to distribute was resolved by that evidence.”

. Since defendant’s timely objection to the introduction of the statement as evidence during the prosecution’s case-in-chief was sustained, and the statement was admitted during the State’s rebuttal for the limited purpose of impeachment, the defendant fulfilled his duty imposed by La.C.Cr.P. art. 841 to make known to the court his objection to the introduction or consideration of the statement as direct evidence at the time the ruling of the court was sought and the grounds therefor. Therefore, defendant was not required to reurge his objection when the court revealed in its oral reasons for its verdict that despite its ruling during trial which seemed to favor the defendant it had in fact considered the tainted statement as direct evidence against him.