# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #52

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the 11th day of December, 2019, are as follows:

**PER CURIAM:**

*2019-K-00038*    *STATE OF LOUISIANA VS. DAVID BOURG (Parish of Allen)*

As we noted in State v. King, 15-1283 (La. 9/18/17), 232 So.3d 1207, a long line of jurisprudence has emphasized that a grant of new trial pursuant to 851(B)(1) leaves nothing for appellate court review. None of these cases, however, addressed whether the district court applied the correct legal standard in weighing the evidence as a thirteenth juror. While the appellate courts have jurisdiction in a criminal case to review the standard applied for error of law, the court of appeal erred in State v. Bourg, 16-0915 (La. App. 3 Cir. 6/21/17), 223 So.3d 26, in finding the district court applied the wrong standard, and then used its erroneous determination to displace the district court's evaluation of credibility and the weight of the evidence. Accordingly, we grant defendant's application to reverse the court of appeal's affirmance of the conviction, we reinstate the district court's ruling that granted defendant a new trial pursuant to La.C.Cr.P. art. 851(B)(1), and we remand to the district court for further proceedings.

REVERSED AND REMANDED.

Chief Judge Susan M. Chehardy of the Court of Appeal, Fifth Circuit, heard this case as Justice pro tempore, sitting in the vacant seat for District 1 of the Supreme Court. She is now appearing as an ad hoc for Justice William J. Crain.

Retired Judge James Boddie Jr., appointed Justice ad hoc, sitting for Justice Marcus R. Clark.

Johnson, C.J., concurs in result.

Crichton, J., additionally concurs and assigns reasons.

## SUPREME COURT OF LOUISIANA

### No. 2019-K-00038

### STATE OF LOUISIANA

### versus

### DAVID BOURG

### ON WRIT OF CERTIORARI TO THE THIRD CIRCUIT
### COURT OF APPEAL, PARISH OF ALLEN

**PER CURIAM:***

On June 1, 2014, defendant fatally shot Michael Pitre in the head while they were sitting in defendant's truck, which was parked outside the home of the victim's mother in Oberlin. Defendant and the victim had been drinking, and defendant claimed at trial that his weapon discharged accidentally while he was defending himself against the victim. An Allen Parish jury found defendant guilty of manslaughter in response to the charge of second degree murder. The district court granted defendant's motion for new trial pursuant to La.C.Cr.P. art. 851(B)(1). In doing so, the district court emphasized its evaluation of defendant's testimony in conjunction with the forensic evidence.

The State sought supervisory writs from the court of appeal, which granted the State's application and reversed the district court's ruling after hearing oral argument. *State v. Bourg*, 16-0915 (La. App. 3 Cir. 6/21/17), 223 So.3d 26, *writ denied*, 17-1504 (La. 11/17/17), 229 So.3d 932 (*Bourg-I*). Finding that the district court erred in granting defendant's motion for new trial, the court of appeal

---

*Chief Judge Susan M. Chehardy of the Court of Appeal, Fifth Circuit, heard this case as Justice pro tempore, sitting in the vacant seat for District 1 of the Supreme Court. She is now appearing as an ad hoc for Justice William J. Crain. Retired Judge James Boddie Jr., appointed Justice ad hoc, sitting for Justice Marcus R. Clark.

reinstated the jury's verdict and remanded for sentencing. On remand, the district court sentenced defendant to serve 20 years imprisonment at hard labor and denied him parole eligibility pursuant to the firearms enhancement provision contained in La.C.Cr.P. art. 893.3. Defendant appealed.

On direct review, the court of appeal found that the State had failed to file a motion for imposition of a sentence under the enhancement provision of La.C.Cr.P. art. 893.3, as required by La.C.Cr.P. art. 893.1. *State v. Bourg*, 18-0435, pp. 4–5 (La. App. 3 Cir. 12/6/18), 260 So.3d 679, 682–683 (*Bourg-II*). Therefore, the court of appeal vacated the sentence. The court of appeal also declined to revisit its earlier determination that the district court erred in granting the motion for new trial. Applying the law-of-the-case doctrine, the court of appeal found no clear error in its prior ruling. *Bourg-II*, 18-0435, pp. 3–4, 260 So.3d at 681–682. Therefore, the court of appeal affirmed the conviction.

We granted defendant's application from the affirmance in *Bourg-II* to review the court of appeal's previous determination in *Bourg-I* that the district court erred in granting defendant a new trial pursuant to La.C.Cr.P. art. 851(B)(1). As a preliminary matter, we note that the principle of law-of-the-case has no bearing upon our decision today. Under this doctrine, courts of appeal generally refuse to reconsider their own rulings of law on a subsequent appeal in the same case. *See Pitre v. Louisiana Tech University*, 95-1466, p. 7 (La. 5/10/96), 673 So.2d 585, 589. However, the law-of-the-case principle is not applied to prevent a higher court from examining the correctness of the ruling of an intermediate appellate court. *See Day v. Campbell-Grosjean Roofing & Sheet Metal Corp.*, 260 La. 325, 331, 256 So.2d 105, 107 (1971). In addition, our previous denial of the defendant's request to review of the court of appeal's exercise of its supervisory

jurisdiction in *Bourg-I* has no precedential value and should in no way be construed as an adoption of the court of appeal's ruling or reasoning in *Bourg-I*. *See St. Tammany Manor, Inc. v. Spartan Building Corp.*, 509 So.2d 424, 428 (La. 1987) ("A writ denial by this Court has no precedential value."). Accordingly, the court of appeal's previous determination in *Bourg-I* is now squarely before us despite the court of appeal's application of the law-of-the-case in *Bourg-II*.

Code of Criminal Procedure article 851(B)(1) provides that a district court, on motion of the defendant, shall grant a new trial when "[t]he verdict is contrary to the law and the evidence." Code of Criminal Procedure article 858 provides that "[n]either the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law." Article 858 is a "particularized application of the constitutional limitation of the [s]upreme [c]ourt's appellate jurisdiction to questions of law only." *State v. Guillory*, 10-1231, p. 3 (La. 10/8/10), 45 So.3d 612, 614. The constitutional restriction on the supreme court to review only questions of law is found in La. Const. Art. V, § 5(C); a parallel version restricting the intermediate appellate courts is found in La. Const. Art. V, § 10(B). Article V, § 5(C) provides: "In criminal matters, [the supreme court's] appellate jurisdiction extends only to questions of law." Article V, § 10(B) likewise provides: "In criminal cases [a court of appeal's] appellate jurisdiction extends only to questions of law." A comment to Article 858 cites a string of venerable decisions for the proposition, "Although the constitutional limitation of the supreme court's criminal jurisdiction is specifically addressed to the court's appellate jurisdiction, the limitation is generally construed as applicable to both the appellate and supervisory jurisdiction of that court." La.C.Cr.P. art. 858 cmt. b. While Article 858 refers only to the supreme court's

3

appellate and supervisory jurisdiction, that language has been attributed to a failure of the legislature to keep pace with the transfer of criminal appellate jurisdiction to the circuit courts. *See State v. Korman*, 439 So. 2d 1099, 1100 (La. App. 1 Cir. 1983) ("The transfer of criminal jurisdiction from the supreme court to the courts of appeal makes C.Cr.P. Art. 858 applicable to the courts of appeal. La. Const. Art. 5, Sec. 10(A)."). Thus, the jurisprudence has recognized that the same principles apply in this area of law regardless of whether they are applied by this court or an intermediate appellate court, and whether they are applied by a court exercising appellate or supervisory jurisdiction.

Without a doubt, these prohibitions against fact-finding and credibility assessments by appellate courts in criminal cases afford Louisiana trial judges immense power to set aside jury verdicts and grant new trials pursuant to Article 851(B)(1), as this court has recently reiterated. *See State v. King*, 15-1283, p. 12 (La. 9/18/17), 232 So.3d 1207, 1214. When a new trial is granted pursuant to La.C.Cr.P. art. 851(B)(1) because the trial judge finds the verdict to be contrary to the evidence, i.e., there is reasonable doubt as to the guilt of the defendant, that is unreviewable because an appellate court may not review facts in a criminal case. *See State v. Guillory*, 10-1231, p. 3 (La. 10/8/10), 45 So.3d 612, 614–615. A motion for a new trial challenging the sufficiency of the evidence is a question of fact outside of the higher courts' constitutional scope of review. *Id.*

In the context of a motion for new trial pursuant La.C.Cr.P. art. 851(B)(1), the term *sufficiency* is shorthand for *factual sufficiency*, which should not be confused with *legal sufficiency* of the evidence in the context of a motion for post verdict judgment of acquittal and the due process standard of *Jackson v. Virginia*,

4

443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[1] In ruling on a motion for

new trial brought under La.C.Cr.P. art. 851(B)(1), the trial court's duty is to put

itself in the position of a juror. *State v. McKinnies*, 13-1412, p. 10 (La. 10/15/14),

171 So.3d 861, 869. A trial court independently assesses credibility and weighs the

evidence, and in doing so acts as what is often described as a thirteenth juror.[2]

_____

[1] In considering the double jeopardy implications, the United States Supreme Court described the differences between legally and factually insufficient evidence in *Hudson v. Louisiana*, 450 U.S. 40, 42–45, 101 S.Ct. 970, 972–973, 67 L.Ed.2d 30 (1981) (citations and footnotes omitted):

> Our decision in [*Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)] controls this case, for it is clear that petitioner moved for a new trial on the ground that the evidence was legally insufficient to support the verdict and that the trial judge granted petitioner's motion on that ground. In the hearing on the motion, petitioner's counsel argued to the trial judge that "the verdict of the jury is contrary to the law and the evidence." After reviewing the evidence put to the jurors, the trial judge agreed with petitioner "that there was no evidence, certainly not evidence beyond a reasonable doubt, to sustain the verdict"; and he commented: "[H]ow they concluded that this defendant committed the act from that evidence when no weapon was produced, no proof of anyone who saw a blow struck, is beyond the Court's comprehension." . . . This is precisely the circumstance in which *Burks* precludes retrials. . . .
>
> The State contends that *Burks* does not control this case. As the State reads the record, the trial judge granted a new trial only because he entertained personal doubts about the verdict. According to the State, the trial judge decided that he, as a "13th juror," would not have found petitioner guilty and he therefore granted a new trial even though the evidence was not insufficient as a matter of law to support the verdict. The State therefore reasons that *Burks* does not preclude a new trial in such a case, for the new trial was not granted "due to a failure of proof at trial."
>
> This is not such a case, as the opinion of the Louisiana Supreme Court and the statements of the trial judge make clear. The trial judge granted the new trial because the State had failed to prove its case as a matter of law, not merely because he, as a "13th juror," would have decided it differently from the other 12 jurors. Accordingly, there are no significant facts which distinguish this case from Burks, and the Double Jeopardy Clause barred the State from prosecuting petitioner a second time.

*See also Tibbs v. Florida*, 457 U.S. 31, 42–43, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982) ("A reversal based on the weight of the evidence, moreover, can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict.").

[2] Justice Tate, concurring in *State v. Hudson*, 373 So.2d 1294 (La. 1979), *rev'd sub nom. Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), described the trial court's role as a thirteenth juror as follows:

> Nevertheless, the trial judge was not completely satisfied that the accused's guilt

5

After an extensive review of the facts presented at trial, the court of appeal found the trial court applied the wrong standard to evaluate defendant's motion for new trial. Specifically, the court of appeal found the district court misapplied the due process standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to conclude the State presented insufficient evidence of defendant's specific intent. *See Bourg-I*, 16-0915, pp. 16–17, 229 So.3d at 36. Because it found the trial court applied the wrong standard, the court of appeal reversed the district court's ruling, which granted defendant a new trial. The court of appeal erred.

After reviewing the record, we cannot find as the court of appeal did that the district court failed to weigh the evidence as a so-called thirteenth juror but instead found the evidence legally insufficient to support the conviction under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If the district court had found the evidence legally insufficient it is not apparent why it would not have granted the motion for post verdict judgment of acquittal on that

was proved beyond a reasonable doubt. He did not grant a new trial for a reason that he did not think the state had produced sufficient evidence to prove guilt, but rather because he himself (to satisfy his doubts not the jury's, which had concluded otherwise) had personal doubts that the evidence was sufficient to prove guilt beyond a reasonable doubt. Commendably and conscientiously, he therefore ordered a new trial; otherwise, the sufficiency of the evidence would not have been reviewable by this court, despite his own doubts that the defendant's guilt was sufficiently proved.

The present is not an instance where the state did not prove its case at the first trial, so that granting a new trial gave the state a Second chance to produce enough evidence to convict the accused. If so, as the majority notes, re-trial offends constitutional double jeopardy.

Rather, this is an instance where the state produced enough evidence to convict the accused at the first trial, but nevertheless the conscientious trial judge was troubled by a doubt concerning the defendant's actual guilt. In ordering the new trial, he did so to protect the accused (his denial of the new trial would have been unreviewable under our jurisprudence, since "some" evidence sufficient to support a verdict of guilt had been introduced).

6

basis. There is no confusion between factual and legal sufficiency that can fairly be discerned from this record. Furthermore, although the court of appeal found it telling that the district court focused on circumstances pertaining to defendant's credibility and on the forensic evidence, rather than "discuss a greater amount of credible evidence on either side," *Bourg-I*, 16-0915, p. 18, 223 So.3d at 37, a review of the district court's reasons suggests the district court simply evaluated the evidence as a juror might.[3] The court of appeal's determinations in *Bourg-I* clearly run afoul of this court's decision in *State v. King*. *See King*, 15-1283, p. 12, 232 So.3d at 1215 (declining to "upset the longstanding jurisprudence concerning the reviewability of Article 851(1) and also craft a per se rule that a trial court cannot grant a new trial under Article 851(1) based purely on its rejection of a sole witness's testimony.").

As we noted in *State v. King*, a long line of jurisprudence has emphasized that a grant of new trial pursuant to 851(B)(1) leaves nothing for appellate court review. None of these cases, however, addressed whether the district court applied the correct legal standard in weighing the evidence as a thirteenth juror. While the appellate courts have jurisdiction in a criminal case to review the standard applied for error of law, the court of appeal erred in *Bourg-I* in finding the district court applied the wrong standard, and then used its erroneous determination to displace the district court's evaluation of credibility and the weight of the evidence. Accordingly, we grant defendant's application to reverse the court of appeal's affirmance of the conviction, we reinstate the district court's ruling that granted

---

[3] While focused on evidence pertaining to defendant's specific intent, the district court's reasons are not merely a talismanic recital of La.C.Cr.P. art. 851(B)(1), which we noted in *State v. King* could be indicative of "demonstrative, patent abuse of the legal system or the process, . . . ." *King*, 15-1283, p. 13, 232 So.3d at 1215.

defendant a new trial pursuant to La.C.Cr.P. art. 851(B)(1), and we remand to the district court for further proceedings.

**REVERSED AND REMANDED**

SUPREME COURT OF LOUISIANA

No. 2019-K-00038

STATE OF LOUISIANA

versus

DAVID BOURG

ON WRIT OF CERTIORARI TO THE THIRD CIRCUIT COURT OF APPEAL, PARISH OF ALLEN

**JOHNSON, C.J. concurs in the result.**

Mr. Bourg was convicted by a jury vote of 11-1. Therefore I concur in the result reached by this Court today. As I explained in my dissenting opinion in *State v. Hodge,* 19-KA-0568 and 19-KA-0569 (La. 11/19/19), I believe the evidence is now clear that Louisiana's non-unanimous jury scheme, that originated with Louisiana's 1898 Constitutional Convention, has racist origins and continues to have a racially disparate affect today.

The non-unanimous jury verdict system in Louisiana was created for the invidious discriminatory purpose of minimizing or canceling out the voting power of black jurors and to deny African-Americans meaningful participation in the institution of jury service. It has continued to have a disproportionate effect on the votes of black jurors and the trials of black defendants. Louisiana's allowance for non-unanimous jury verdicts violates the Equal Protection Clause of the Fourteenth Amendment. Because Mr. Bourg was convicted by a non-unanimous jury verdict, I concur in the trial court's grant of a new trial.

**SUPREME COURT OF LOUISIANA**

**No. 2019-K-00038**

**STATE OF LOUISIANA**

**versus**

**DAVID BOURG**

**ON WRIT OF CERTIORARI TO THE THIRD CIRCUIT COURT OF APPEAL, PARISH OF ALLEN**

**CRICHTON, J., additionally concurs and assigns reasons:**

I agree with the majority opinion and write separately to highlight the distinction this Court makes between factual and legal sufficiency of evidence. *State v. Bourg*, 19-00038, slip op. p. 4 (La. 12/11/19) ("In the context of a motion for new trial pursuant La.C.Cr.P. art. 851(B)(1), the term sufficiency is shorthand for *factual sufficiency*, which should not be confused with *legal sufficiency* of the evidence in the context of a motion for post verdict judgment of acquittal and the due process standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)."). In my view, unlike review of evidence in the context of legal sufficiency, a trial court judge who grants a motion for new trial pursuant to La. C.Cr.P. art. 851(B)(1) "sits as a 'thirteenth juror' and reweighs the evidence," rendering the facts found unreviewable. *See* Crichton & Kottle, <u>Appealing Standards: Louisiana's Constitutional Provision Governing Appellate Review of Criminal Facts</u>, 79 La. L. Rev. 369, 392 (2018).