303 So.2d 486 (1974)
STATE of Louisiana
v.
Gene R. JONES.
No. 54658.
Supreme Court of Louisiana.
October 11, 1974.
Rehearing Denied November 6, 1974.
Stephen J. Katz, Kidd, Katz & Halpin, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., John S. Stephens, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant, Gene R. Jones, was convicted of cattle theft (R.S. 14:67.1) and appeals. This is the second time his appeal has been considered by this court. On the first appeal, we reversed and remanded because the record indicated that the trial judge failed to independently decide the motion for a new trial, relying on the verdict of the jury. State v. Jones, 288 So.2d 48 (La.1973).
On remand, the district court found that the evidence proved defendant's guilt without a reasonable doubt. Of this ruling the defendant complains on appeal, contending that there was no evidence of the requisite intent. R.S. 14:67.1 provides that, "An intent to deprive the other permanently of the cattle ... is essential."
Though intent is a question of fact, it need not be proven as a fact. It may be inferred from the circumstances of the transaction. This rule, expressed in R.S. 15:445, is simply another way of saying that criminal intent is subject to proof by circumstantial evidence.
Our inquiry on this appeal, unlike that of the trial judge, is limited to a determination of whether there is any evidence in the record which, if believed by *487 the jury, would support conviction. State v. Dunnington, 157 La. 369, 102 So. 478 (1924). C.Cr.P. 858 provides:
"Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law."
Our appellate jurisdiction is limited to questions of law only. Art. 7, § 10, La. Const.1921.
The evidence shows that Thaddeus Jones noticed a white-faced Hereford calf in his pasture. He described the calf as yellow. Other witnesses described the calf as red in color. Thaddeus Jones did not recognize the calf, but knew that it was not his. He was not aware of a brand on the calf.
When Gene Jones later told Thaddeus Jones (as he had told several others) that he was missing a calf, Thaddeus Jones told Gene Jones that there was a white-faced calf on Thaddeus Jones' place.
A conflict in the testimony arises because Thaddeus Jones and other witnesses related that Gene Jones was seeking a white-faced black calf. Gene Jones' witnesses related that he was seeking a white-faced Hereford calf, red in color. We are not called on to resolve the conflict in the testimony.
With permission of Thaddeus Jones, Gene Jones and three others came to Thaddeus Jones' farm and loaded the calf into a truck and hauled it to Gene Jones' pasture, where it was released.
About two weeks later, Jack Methvin, the owner of the calf, called Thaddeus Jones because he had seen the calf in Thaddeus Jones' pasture before defendant had removed it. Thaddeus Jones then informed Methvin that Gene Jones had claimed the calf and had carried the calf to his pasture.
On further investigation, it was determined that the calf bore Methvin's brand, which was a Bar-Thirteen. Gene Jones' brand was a "J." There was evidence that the brand was not clear and outstanding because of the long hair of the winter coat of the calf.
This brief recitation of the evidence shows circumstances from which the jury could infer that defendant had the requisite intent to deprive Methvin permanently of his calf. There was evidence that Gene Jones said he had lost a black calf, and the calf he took was red. There is uncontradicted evidence that the calf bore Methvin's brand when Jones claimed it, although the evidence about the visibility of the brand is not without contradition. After the defendant loaded up the calf and carried it to his pasture, he kept it and treated it as his own for about two weeks, until the owner of the calf had located it. There is no merit in defendant's specification of error.
For these reasons, the conviction and sentence are affirmed.
SUMMERS, J., concurs and assigns written reasons.
I fully agree with the result and the reasoning supporting this opinion.