347 So.2d 193 (1977)
STATE of Louisiana
v.
Quinton BLACKSTONE.
No. 59082.
Supreme Court of Louisiana.
June 20, 1977.
Fred C. Jackson, St. Francisville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., William E. Woodward, Asst. Dist. Atty., A. Z. Butterworth, Sp. Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
A grand jury indictment dated April 21, 1976 charged that on December 7, 1975 Quinton Blackstone violated Article 110(A)1 of the Criminal Code when he escaped from the Louisiana State Penitentiary. Defendant waived trial by jury, was found guilty as charged in a bench trial, and received a consecutive sentence to serve five years at hard labor.
In the only assignment of error urged on this appeal, defendant asserts that there is insufficient evidence to justify a verdict of guilty of simple escape. In brief the contention *194 is that there was a total lack of evidence to sustain the conviction.
No motion for a directed verdict of acquittal or motion for a new trial appears of record to properly present the issue which defendant urges. In criminal matters, the scope of this Court's appellate jurisdiction extends only to questions of law. La.Const. art. V, § 5(C) (1974). A contention that the verdict was based on insufficient evidence is essentially a question of fact. Only where defendant has moved for a judgment of acquittal in a trial before a judge alone (La.Code Crim.Pro. art. 778), or for a new trial (La.Code Crim.Pro. art. 851) based upon the contention that there is no evidence at all of an essential element of the crime charged, is a question of law presented which this Court can review. State v. Reeves, 342 So.2d 605 (La.1977); State v. Alexander, 339 So.2d 818 (La.1976); State v. Jack, 332 So.2d 464 (La.1976); State v. Jones, 303 So.2d 486 (La.1974); State v. Douglas, 278 So.2d 485 (La.1973).
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs and assigns reasons.
DENNIS, J., concurs for the reasons stated by CALOGERO, J.
DIXON, J., concurs.
CALOGERO, Justice, concurring.
Defendant Blackstone complains in his single assignment of error that "Where there is total lack of evidence of the offense charged or any essential element thereof, thus presenting a question of law, i. e., legality of conviction, the Supreme Court is authorized and has in fact reviewed the evidence if properly made a part of the record." This assignment is rooted in the contention, which I believe to be correct, that there was no evidence that this inmate, who was found in the visitor's room of the compound, on the grounds of the penitentiary, committed the crime of simple escape. However, defense counsel has not properly raised the issue for appellate review. He did not move for acquittal, nor did he make a motion for new trial on the basis that there was no evidence presented of an essential element of the crime charged, i. e. that the prisoner intentionally departed from lawful custody. The contention that there was no evidence of the offense charged does not present an error patent on the face of the record. Therefore, there has been raised no question of law which this Court can review on appeal.
However, it should be noticed that this petitioner still has available relief through application for writ of habeas corpus, either on the ground that his right to effective counsel was denied him (as evidenced by his counsel's failure to make those motions which would have preserved this meritorious issue for review on appeal) or that his right to due process of law was violated (on the basis that he has been given a five-year sentence the maximum for committing a crime that the record reveals that he did not commit, although he may have attempted to commit it).
For these reasons, I concur in the majority opinion.