PER CURIAM.
Defendant John Boissere was charged by grand jury indictment with simple escape in violation of La.R.S. 14:110A(1), and on April 21,1977, after trial by jury was found guilty as charged. Subsequently he was sentenced to serve five years at hard labor in the custody of the Department of Corrections with the sentence to run consecutively with any sentence he was then serving. Following his conviction and sentence, a motion for appeal was filed on his behalf and in due course the appeal was lodged with this Court.
In connection with the appeal, a brief was filed by the attorney appointed by the district court to represent defendant in which the argument is set forth that “there is a total lack of evidence presented at the trial of this case, thus making the conviction of simple escape illegal.” However, defense counsel has not properly preserved the issue for appeal, since the trial was before a jury and no motion for a new trial on the basis that there was no evidence presented of an essential element of the crime charged was filed. See State v. Blackstone, 347 So.2d 193 (La.1977) and cases cited therein.
In addition to the.brief filed by defendant’s appointed counsel, defendant filed a pro se brief on his own behalf, essentially raising five issues for this Court’s consideration. In this brief he contends that he filed a motion with the district court to dismiss his court appointed trial counsel as his appellate counsel and that the district court failed to respond to the motion. A copy of a letter mailed to the trial court requesting the dismissal of counsel is attached to defendant’s pro se brief. However a letter from the district judge, sent to this Court, at its request, states that this letter is not a part of defendant’s record below. The trial judge also indicates that he does not recall receiving the letter, but that such requests from inmates are not unusual and are generally denied.
Nevertheless, this Court has reviewed the issues raised by defendant in his pro se *197 brief and finds no grounds for reversal of defendant’s conviction on appeal. The issue raised by defendant with respect to his right to effective counsel is properly raised by application for writ of habeas corpus at which time a full evidentiary hearing may be ordered on the matter. State v. Anthony, 347 So.2d 483 (La.1977); State v. Daniels, 346 So.2d 672 (La.1977); State v. Ross, 343 So.2d 722 (La.1977).
For the foregoing reasons, defendant’s conviction and sentence are affirmed.