354 So.2d 533 (1978)
STATE of Louisiana
v.
John WINZER.
No. 60404.
Supreme Court of Louisiana.
January 30, 1978.
Paul H. Kidd, Monroe, George M. Strickler, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon H. Whitten, Dist. Atty., H. Russell Davis, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant was charged by bill of information with the crime of manslaughter (R.S. 14:31) for the killing of one James Otis Baker. After a trial by jury defendant was found guilty as charged and sentenced to five years at hard labor in the custody of the Department of Corrections.
The incident which led to defendant's conviction occurred on November 26, 1976 in Arcadia, Louisiana. On that afternoon defendant and a friend drove to a local bar and arrived just as the victim, James Otis Baker was leaving. The victim, mistaking defendant for a person who had beaten him *534 in a fight the week before, physically attacked defendant until seized by several bystanders. Immediately after the fight defendant got into his car and backed it a short distance across the highway. He then took from the trunk of his car a .22 caliber rifle and fired four shots at the victim striking him once. James Otis Baker was declared dead on arrival at the Arcadia Hospital.
Defendant has specified two assignments of error for the purpose of his appeal but has briefed and argued only one of these. The assignment neither briefed nor argued will be considered abandoned. State v. Jones, 340 So.2d 563 (La.1976).

ASSIGNMENT OF ERROR NO. 2
In defendant's only argued assignment he alleges that the trial court erred in denying his motion for acquittal and/or mistrial[1] urged at the conclusion of the state's case on the ground that the state failed to prove an essential element of the crime, i. e. that the cause of the victim's death was the gunshot wound inflicted by defendant.
Defendant argues that La.C.Cr.P. art. 105 and R.S. 33:1565 mandate in cases involving the apparent commission of a crime preparation a coroner's report certifying the cause of death and a proces verbal of an autopsy. He apparently contends that such "competent evidence of death and the cause thereof" (art. 105 C.Cr.P.) is the only legal evidence of such, and that since there was no autopsy performed in this case there was no legal evidence of that element of the crime (death and the cause thereof) to support his conviction.
Initially we note that the error raised by defendant in this assignment has not been properly preserved for review by this Court. It is well settled that a contention that no evidence was produced to prove an essential element of the crime charged presents a question of law which can be reviewed by this Court. State v. Williams, 354 So.2d 152 (La.1977); State v. Blackstone, 347 So.2d 193 (La.1977). However, the proper procedural vehicle for preserving a "no evidence" issue for appellate review in a jury trial is by motion for new trial. C.Cr.P. art. 851(1). Only in trials by judge alone can such an issue also be raised by motion for judgment of acquittal. C.Cr.P. art. 778. See also, State v. Williams, supra, and State v. Blackstone, supra. Hence, defendant improperly asserted his contention in this jury trial by a motion for a judgment of acquittal (or its counterpart, motion for directed verdict). It was properly denied.
Even if the merit of defendant's contention were to be considered, however, it would be without merit. Although a coroner's autopsy is competent evidence to prove the fact of death and cause of death, the same can be proven by any competent evidence. In State v. Vincent, 338 So.2d 1376 (La.1976) this Court discussed the purpose of Article 105's requiring the coroner to make a written report of his investigation to the district attorney:
Article 105 of the Code of Criminal Procedure, as we said in State v. Allen, 273 So.2d 504 (La.1973), "is designed primarily to provide the flow of information needed by the office of the district attorney in cases of apparent homicide . . . Non-compliance with its provisions has no bearing upon the requirements of due process."
See also, State v. Holmes, 258 La. 221, 245 So.2d 707 (1971). While defendant's argument is not frivolous, we find that there was some evidence from which the jury could conclude that the victim died as a result of the gunshot wound inflicted by the defendant. Despite the lack of an autopsy or direct medical testimony as to the cause of the victim's death, several eyewitnesses testified that they saw defendant shoot the victim. These same witnesses also testified that they saw the victim fall to the ground whereupon the pupils of his eyes began to *535 roll back into his head. He was then immediately transported to the Arcadia Hospital, described variously as one-fourth mile and one and one-fourth miles away. Furthermore, the doctor on duty in the emergency room of the hospital testified that the victim was dead on arrival and that the only injury noted was a gunshot wound in the victim's flank.[2] Based upon these facts we find that some evidence was produced from which the jury could conclude that the victim died as a result of the gunshot wound inflicted by the defendant.
This assignment lacks merit.

Decree
For the foregoing reasons the conviction and sentence of the defendant John Winzer is affirmed.
AFFIRMED.
NOTES
[1] In brief defendant contends that it was the denial of his motion for mistrial which forms the substance of this complaint. Contrary to these contentions the record in this case reflects only a motion for acquittal. There was no motion for a mistrial.
[2] Webster's Seventh New Collegiate Dictionary defines "flank" pertinently as "the fleshy part of the side between the ribs and the hip".