385 So.2d 223 (1980)
STATE of Louisiana
v.
Donnie Ray KING.
No. 66315.
Supreme Court of Louisiana.
June 23, 1980.
*224 Merwin M. Brandon, Jr., Bastrop, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Kenneth A. Rains, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant was charged by bill of information with aggravated burglary. A jury of twelve found defendant guilty of simple burglary. The trial court sentenced defendant to five years at hard labor, with credit for time served. Defendant now appeals on the basis of four assignments of error in two arguments.
The state adduced the following evidence at trial. On October 23, 1978, at approximately 8:30 p. m. Cathy Moran was standing by her kitchen sink when the screen door to her kitchen flew open. Defendant Donnie Ray King was standing in the doorway with a broken broom handle in his hand. When Mrs. Moran tried to push him out by closing the door, her hand got caught in the door and defendant hit her on the hand with the broom handle. She asked him what he was doing and he replied, "What do you think I'm doing." Defendant then ran away. Mrs. Moran chased him, but could not catch him.
Captain Wyatt Smith of the Bastrop Police arrived at her home to investigate the crime. While they were discussing the case, they noticed the broom handle lying on the ground. She later identified this stick as the weapon which defendant used.
Less than two hours after the incident Officer Gary Carver arrested defendant at 10:20 p. m. The next morning Cathy Moran viewed two line-ups and picked the defendant as the man who entered her home.
Defendant's primary contention is that there was insufficient evidence presented (he was convicted of simple burglary) to prove that defendant upon entry had the intent to commit theft, aggravated battery (a felony), or any other crime therein except assault or aggravated assault, both misdemeanors and insufficient to satisfy R.S. 14:60's requirement that the entry be "with intent to commit a felony or any theft therein."
Defendant's argument essentially is that the jury's acquittal on the aggravated burglary charge[1] (by finding him guilty of *225 simple burglary) was a conclusive jury determination that when he entered the house he was not armed with a dangerous weapon (and therefore could not have been intent on committing an aggravated battery which requires striking with a dangerous weapon).[2] Therefore, absent evidence of intent to commit any felony or theft and having determined that he was not armed with a dangerous weapon, he could not have been guilty in the jury's mind of aggravated battery. It would be incongruous to let stand a conviction for simple burglary when the jury has determined that an essential element of the crime, intent to commit aggravated battery (pertinent to this case) was not proved.
This argument is without merit. The jury could well have simply opted to acquit on the more serious aggravated burglary charge notwithstanding the evidence that he committed that offense. The generally applicable principle is that if there is evidence to convict defendant of a greater offense, it is permissible to convict him of a lesser included offense. State v. Qualls, 353 So.2d 978 (La.1977); State v. Peterson, 290 So.2d 307 (La.1974); State v. Cooley, 260 La. 768, 257 So.2d 400 (La.1972). In fact it is permissible for a jury presented with evidence to support all elements of a major offense to find, sometimes incongruously, that defendant was not guilty of the major offense, but was guilty of the lesser offense.[3] Our bottom line is, therefore, that defendant's acquittal on the aggravated burglary charge is not necessarily a finding that defendant was not armed with a dangerous weapon.
The fact is that defendant was armed with a dangerous weapon and the jury could well have concluded that defendant entered with intent to commit an aggravated battery by use of that weapon, a broken broomstick handle. Mrs. Moran testified that she saw defendant standing in her doorway with a broken broom handle drawn "back like he was going to strike me."
There was sufficient evidence presented to support a conviction of simple burglary whether we apply the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 560 (1979) that "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," or our traditional standard that there was some evidence of an essential element of the crime for which defendant was convicted.[4]See State v. Winzer, 354 So.2d 533 (La.1978). Assignment of Error No. 4 is without merit.
Defendant's second contention is that the trial court erred in denying his motion to suppress photographs of two line-ups at which defendant was identified by Mrs. Moran. Defendant advances two arguments in support of this contention:
(1) Defendant was not represented by counsel at the pre-indictment line-up, and
*226 (2) the photographs of the two line-ups admitted into evidence at trial did not represent the actual line-up viewed by Mrs. Moran.
Defendant does not have a constitutional right to counsel at a pre-indictment line-up and this defendant had not retained counsel at the time of the line-up nor had he requested that he be allowed access to appointed counsel. State v. Vaughn, 378 So.2d 905 (La.1979); Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). This argument is without merit.
Defendant's argument that the photographs of the line-ups were inadmissible because they did not represent the actual line-ups viewed by Mrs. Moran is also without merit. On direct examination Officer Carver, who conducted the line-ups, testified that the photographs admitted into evidence were photographs of the line-ups at which Mrs. Moran identified defendant. On cross-examination Officer Carver admitted that the photographs did not represent the actual line-ups seen by Mrs. Moran. Officer Carver explained that the line-up room was too small for his camera to get all subjects in the picture so he brought the men in the line-ups outside into a hall where he could get all of them in the same picture. The men in the photographs were the same men that were in the line-ups seen by Mrs. Moran. They were standing in the same order, holding the same numbers, and were wearing the same clothes that they were wearing at the line-ups at which defendant was identified. The trial court did not abuse its discretion in admitting the photograph. State v. Sawyer, 350 So.2d 611 (La.1977). Assignments of Errors Nos. 1 and 2 are without merit.[5]

Decree
For the foregoing reasons defendant's conviction and sentence are affirmed.
AFFIRMED.
WATSON, J., dissents and assigns reasons.
WATSON, Justice, dissenting.
In my opinion there is no evidence of the element of intent to commit a felony which is required under both simple burglary, R.S. 14:62 and aggravated burglary, R.S. 14:60. The fact that defendant appeared in the doorway with a piece of a broomstick in his hand does not prove intent to commit a felony. Therefore, the defendant's fourth assignment of error has merit.
NOTES
[1] R.S. 14:60 provides:

"Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years."
[2] R.S. 14:34 provides:

"Aggravated battery is a battery committed with a dangerous weapon.
"Whoever commits an aggravated battery shall be imprisoned, with or without hard labor, for not more than ten years."
[3] For example juries often return verdicts of simple robbery instead of armed robbery after being presented with evidence that the robber had a gun even when defendant concedes that someone robbed the victim with a gun. In such instances this Court will not look to the evidence to question the jury's finding of lesser culpability. See State v. Peterson, 290 So.2d at 311.
[4] Although this Court in State v. Matthews, 375 So.2d 1165 (La.1979), and State v. Abercrombie, 375 So.2d 1170 (La.1979) suggested in dicta that it would follow Jackson, following those cases the Court has been less than explicit about which standard applies to this Court's review on direct appeal. It remains for future cases for this Court squarely to confront the question of whether it will follow Jackson or persist in the "no evidence" standard of review.
[5] Defendant concedes that Assignment of Error No. 3 involves the same matter treated in the other three assignments.