YELVERTON, Judge.
Defendant, Roger Claude Myers, was charged by bill of information with armed robbery. A jury found him guilty of simple robbery. The trial court sentenced him to seven years at hard labor. Defendant appeals his conviction and presents eight assignments of error.
FACTS
On December 15,1981, a man entered the City Savings Bank and Trust Company of DeRidder, Louisiana, and handed teller Theresa Durham a note which declared he was intent on robbing the bank and was armed with a gun. Ms. Durham complied with his request and handed him approximately $4,900 in cash. After warning her not to set off any alarms, the man left the bank and fled the scene. At trial, Ms. Durham identified defendant as the bank robber.
On January 2, 1982, defendant was arrested in Texas, on authority of an N.C.I.C. Teletype stating that he was wanted by the FBI in connection with the DeRidder bank robbery.
On January 4,1982, defendant was transferred by United States Marshalls to a federal district court in Beaumont, Texas, where he was arraigned and waived extradition. He was subsequently transported to the Calcasieu Parish Jail in Lake Charles, Louisiana, in federal custody. During his incarceration in Lake Charles he made an inculpatory statement and was identified in a lineup by eyewitnesses as the bank robber.
He was formally charged by the State of Louisiana by bill of information dated January 29,1982. From that time on he was in State custody. At the preliminary examination on February 26, 1982, defendant admitted to robbing the bank but claimed he was not armed. In June, defendant successfully petitioned the court to dismiss his court-appointed attorney. Defendant represented himself for the remainder of the proceedings. He was tried and found guilty of simple robbery on September 21, 1982.
ASSIGNMENTS OF ERROR NOS. 1 AND 8
By this assignment defendant contends that it was reversible error for the trial court to admit into evidence statements taken from defendant by the FBI, and a statement made by the defendant to the Beauregard Parish Sheriff’s Department during his detention in Lake Charles.
LSA-R.S. 15:451 states:
*1334 “Before what purports to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.”
The State introduced into evidence only one inculpatory statement, that one made by the defendant to Beauregard Parish Sheriff’s deputies in Lake Charles on January 4,1982. In this written statement defendant confessed to robbing the City Savings Bank in DeRidder on December 15, 1981. Before making the statement defendant signed a standard form acknowledging he had been read his rights, and understood and desired to waive them. The three deputies who interrogated him stated that defendant’s confession was not the product of any promise, threat, duress or other form of coercion. Defendant’s argument that he gave the statement only because the deputies told him it would be used only for the purpose of “clearing their records,” is not supported by the record. We find that his statement was freely and voluntarily given. This assignment is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant argues that it was reversible error for the trial court to allow eyewitness testimony and identification of defendant at trial proceedings by witnesses who had made prior unconstitutional identifications from a mug shot and a subsequent lineup in Lake Charles on January 11, 1982, which was not supervised by counsel. He asserts that his request for counsel to supervise the lineup was denied by the Beauregard Sheriff’s deputies. He claims he was informed by a Calcasieu Parish Deputy Sheriff that supervising the lineup was not necessary as the “Feds” were maintaining jurisdiction, and if defendant got any time, it would be in one of those “Federal Country Clubs.” In addition, defendant contends that improper procedures were utilized by law enforcement officers in a “photo lineup.” According to defendant, the officers presented eyewitnesses with photos and asked them to pick out the one that most resembled the holdup man at the bank, an instruction he claims was prejudicial because of its suggestive nature.
An accused’s right to counsel does not arise until adversary judicial proceedings have been initiated against him. State v. McDonald, 387 So.2d 1116 (La.1980). A defendant does not have a right to counsel at a pre-indictment, pre-preliminary examination lineup. State v. King, 385 So.2d 223 (La.1980); State v. Frisco, 411 So.2d 37 (La.1982).
In the instant case the photographic lineup occurred on December 16, 1981, and the physical lineup on January 11,1982. As of these dates adversary judicial proceedings had not been instituted against him. The State formally charged him by bill of information on January 29, 1982, and his preliminary examination took place on February 26, 1982. Therefore, he had no right to counsel at either lineup. Additionally, we note that at the January 11th lineup, the deputies took the added precaution of obtaining a written waiver of counsel from defendant.
Nor do we find that the photo-lineup was conducted improperly. The officers’ instructions to the eyewitnesses to pick out any photo that resembled the person they saw rob the bank is not suggestive in nature. This assignment is without merit.
ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial judge erred in denying his motion for a speedy trial. He points out that he was arrested on January 2, 1982, but not tried until September 21, 1982.
In State v. Dewey, 408 So.2d 1255 (La.1982), the Supreme Court set forth the appropriate analysis for determining whether an accused has been denied his right to a speedy trial:
“The right to a speedy trial is guaranteed by the sixth amendment to the federal constitution and by article one, section sixteen of our state constitution. *1335 The right attaches when an individual becomes an accused whether by formal indictment or bill of information or by arrest and actual restraint. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Perkins, 374 So.2d 1234 (La.1979). Four factors must be considered in determining whether a defendant has been deprived of his right to a speedy trial: (1) length of delay, (2) the reason for the delay, (3) the defendant’s assertion of his right, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The initial inquiry is into the length of delay; if the delay is presumptively prejudicial, there will be an inquiry into the other factors. The length of delay that will provoke such an inquiry is dependent upon the peculiar circumstances of the case.”
In the case at hand, defendant was formally charged and arraigned on January 29, 1982. Prior to that time, he had been arrested and incarcerated only in connection with federal charges lodged against him. Therefore the earliest date at which defendant’s right to a speedy trial attached was •January 29, 1982. His trial commenced on September 21, 1982. Therefore the length of delay was 232 days.
The reasons for the delay are in the record. Defendant’s trial was originally scheduled for May 17, 1982, ;the next available petit jury session. It could not be reached because of the crowded docket and was rescheduled. Neither the defendant nor his counsel made any objection at the time to the refixing.
The next factor to be considered is whether defendant asserted his right. Defendant did not file a motion asserting his right to a speedy trial until June 25, 1982. His trial commenced 87 days later. This was well within the limit imposed by LSA-C.Cr.P. art. 701(D) which provides that after the filing of a motion for a speedy trial by the defendant, the trial of a defendant charged with a felony shall be commenced within 120 days if he is continued in custody-
Finally, we must consider whether the defendant has been prejudiced by the delay. Our study of the record persuades us that if defendant suffered any prejudice, it was negligible. His contention that because of the delay his witness, a State witness, and a juror (during voir dire exam) were unable to recall past events with any degree of certainty is specious. We find no evidence that defendant’s defense was impaired by the delay in any respect. Accordingly, defendant has not demonstrated any prejudice.
We therefore conclude that defendant was not deprived of his constitutional right to a speedy trial. This assignment has no merit.
ASSIGNMENTS OF ERROR NOS. 4 AND 5
Defendant contends that the trial court committed reversible error in denying his motion for subpoenas of out-of-state witnesses. He also maintains that it was error for the trial court to deny his request for a continuance so that the presence of these witnesses could be obtained. The trial court denied both motions on the grounds that defendant had not shown that the testimony of the witnesses would be relevant and material in his case.
LSA-C.Cr.P. arts. 741-745 explain the procedure for the subpoena of foreign witnesses. C.Cr.P. art. 741 limits the availability of the subpoena to a material witness.
In State v. McCabe, 420 So.2d 955 (La.1982) and State v. Barnes, 365 So.2d 1282 (La.1978), the Supreme Court held that a defendant must show both that the testimony of out-of-state witnesses would be material and that the trial judge abused his discretion in denying defendant’s motion requesting them.
Similarly, the trial court’s decision to deny a request for a recess will not be interfered with absent a showing of an abuse of discretion. State v. Jones, 412 So.2d 1051 (La.1982).
*1336 At the hearings on defendant’s motion to subpoena out-of-state witnesses and motion for recess, defendant failed to make any showing that the witness’ testimony would be material to his case. We, therefore, find no error in the trial court’s rulings. These assignments are without merit.
ASSIGNMENT OF ERROR NO. 6
By this assignment defendant asserts that it was reversible error for the trial court to deny his motion for discovery and production of defense information and evidence in support of his defense. Defendant had requested that the State furnish him with newspaper and television news film clip coverage of the bank robbery.
The discovery of documents and tangible objects provided by LSA-C.Cr.P. art. 718 is limited to those items which are “within the possession, custody, or control of the state.”
The record does not reflect that the State had possession custody, or control of any of the aforementioned items requested by defendant. Accordingly, the trial court did not err in denying defendant’s discovery motion. This assignment is without merit.
ASSIGNMENT OF ERROR NO. 7
Defendant argues that it was reversible error for the trial court to deny defendant’s motion for a change in venue and as a result he was denied his constitutional right to a fair trial.
Defendant filed two motions for a change of venue, once while he was represented by counsel and the second time after he had succeeded in dismissing his counsel and was representing himself. The trial court refused to hold a contradictory hearing on either motion but specifically deferred action on the motions until voir dire. The following colloquy appears in the record on the occasion of the consideration of the second motion for a change of venue:
“... I am going to take the same position on it, this new motion, as I took on the previous one insofar as it permits you, during the course of the voir dire examination of the jury, to show, if you can, some examination of the jurors that a fair trial cannot be obtained here because of prejudice on the part of the prospective jurors. That is a very common thing in criminal jury cases where there has been a motion for change of venue, even if it’s considered timely filed, for the Court to defer any action on it until after there has been an opportunity to question jurors under oath to see if, in fact, there does appear to be good reason to fear that perhaps the defendant cannot get a fair trial.
BY MR. MYERS:
I understand, your Honor.
BY THE COURT:
So, I think that that’s probably under usual case the best test; when we get to the process of actually picking a jury, the jurors, as you probably know, are sworn and questions are put to them about whether they know the parties or anything about the case or formed an opinion and that sort of thing. And then if it appears that there is no problem, then there is no basis for a change of venue. If it appears that, in fact, there is a problem, then of course, the Court can, with the motion having been filed and final action deferred to the voir dire examination, maintain the motion and order the case transferred. So, that is the action I’m going to take here. I don’t believe that it would be profitable at this time to have any further hearing.
BY MR. MYERS: '
I agree.
BY THE COURT:
I did not feel when Mr. Wallace filed his motion, on the face of it, and I don’t feel now, that there is anything, based on my appreciation of the facts and circumstances about the publicity, that would make it appear manifest, evident, that you can’t receive a fair trial. The final test of that will come when we start picking the jury. Do you understand?
BY MR. MYERS:
Yes, sir.
BY THE COURT:
So, that will be the action that we’ll take. We’ll defer final action on your motion *1337 for change of venue until we reach the trial and the voir dire examination.”
The above described action took place on August 26, 1982. At the voir dire conducted at the trial which commenced on September 21, 1982, there is nothing in the record to indicate that the defendant raised again the motion for a change of venue.
In the case of State v. Brogdon, 426 So.2d 158 (La.1983), the Supreme Court was faced with a similar procedural set of facts and the same complaint on appeal, and stated:
“... Because the defendant failed to object to the actions of the trial judge in deferring final disposition of the venue question until voir dire, and because the defendant failed to raise again the motion at the time of voir dire despite the invitation of the trial judge, it is impossible for us to say that the defendant proved the existence of such prejudice that a change of venue should have been granted.”
For the same reasons, we find that this assignment of error is without merit.
For the reasons stated above defendant’s conviction is affirmed.
AFFIRMED.