910 So.2d 454 (2005)
STATE of Louisiana
v.
Walter L. COLLINS.
No. 04-KA-1443.
Court of Appeal of Louisiana, Fifth Circuit.
July 26, 2005.
*456 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Vincent Paciera, Jr., Paige J. Cline, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Katherine M. Franks, Louisiana Appellate Project, Slidell, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Walter Collins, with one count of armed robbery in violation of LSA-R.S. 14:64 and one count of first degree robbery in violation of LSA-R.S. 14:64.1. Defendant proceeded to trial on count one, armed robbery, and was found guilty of simple robbery, a lesser included verdict, by a twelve person jury.[1] As a result of this conviction, the trial court sentenced defendant to seven years.[2]
The state thereafter filed a multiple offender bill of information alleging defendant to be a fourth felony offender based on prior convictions for crime against nature, possession of stolen property valued over $1,000, and burglary. Defendant filed numerous motions relating to the multiple bill, including several motions to quash the multiple bill. The trial court granted defendant's motion to quash the multiple bill. However, on July 20, 2004, in writ number 04-KH-850, this court vacated that ruling and ordered the trial court to hold a hearing pursuant to State v. Muhammad, 03-2991 (La.5/25/04), 875 So.2d 45. After several continuances, the trial court conducted this hearing on May 17, 2005. The judge took the matter under advisement, and as of this date, there *457 has been no ruling. Defendant now appeals.

FACTS
At approximately 3:45 a.m. on November 19, 1996, Sherman Bunch was working as an overnight cashier at an EZ-Serve store in Metairie when defendant walked into the store, grabbed a couple of cases of beer, and exited the store. Defendant walked out to a red Pontiac Grand Am and then re-entered the store and grabbed more beer. Mr. Bunch confronted defendant at which time defendant lifted his shirt and said, "don't try anything stupid, home boy." Defendant then walked out of the store, got into the Grand Am, and drove off. Mr. Bunch testified he saw a blue steel revolver with a wooden handle when defendant lifted his shirt. He stated he let defendant walk out of the store because he was afraid. Mr. Bunch called the police and reported the robbery. Defendant was arrested a few days later while driving around in his Grand Am.
Defendant testified he did not have a gun on the day he stole the beer. He stated he walked into the store and did not see the store clerk anywhere. He explained he took advantage of the situation and walked out of the store with some beer. When he re-entered the store the second time, the clerk appeared and said, "hey." Defendant testified he told the clerk he was going to pay for the beer after he put it in his car. However, instead of returning to the store to pay for the beer, defendant got into his car and drove away.

SUFFICIENCY OF THE EVIDENCE
On appeal, defendant challenges the sufficiency of the evidence used to convict him.[3] He contends there was no evidence any force or intimidation was used to accomplish the theft of the beer. Defendant maintains the evidence shows he simply walked into the store and left with some beer after promising to come back inside and pay for it. He alleges this constituted a theft, not simple robbery. Defendant also challenges the store clerk's testimony as internally inconsistent.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
Defendant was charged with armed robbery and the jury returned the legislatively responsive verdict of simple robbery. LSA-C.Cr.P. art. 814(A)(22). A jury may return a legislatively provided responsive verdict, whether or not the evidence supports the verdict, as long as the evidence was sufficient to support a conviction of the charged offense absent a contemporaneous objection. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 251-252 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983); State v. Brown, 591 So.2d 791, 793 (La.App. 5 Cir.1991). Defendant never objected to the legislatively authorized charge of simple robbery.
To support a conviction for armed robbery, the state must prove that there was (1) a taking, (2) of anything of value, (3) from the person of or in the immediate control of another, (4) by use of force or intimidation, (5) while armed with a dangerous *458 weapon. LSA-R.S. 14:64; State v. Brown, 591 So.2d at 794.
Defendant attacks the use of force or intimidation element of the offense. He contends that the jury's return of a lesser verdict showed they clearly rejected the notion that he was armed with a weapon at the time of the offense. To the contrary, the Louisiana Supreme Court has noted that juries often return verdicts of simple robbery instead of armed robbery despite being presented with evidence that the robber had a gun, even when defendant concedes that someone robbed the victim with a gun. State v. King, 385 So.2d 223, 225, footnote 3 (La.1980). The supreme court has stated that a conviction of the lesser charge is not necessarily a finding that the defendant was not armed with a dangerous weapon. Id. at 225.
In the present case, the record shows that defendant entered the convenience store, took some beer, and walked out of the store without paying for the beer. He again entered the store and grabbed more beer when he was confronted by the store clerk, Sherman Bunch. According to Mr. Bunch's testimony, defendant lifted his shirt, revealing a gun, and told Mr. Bunch not to try anything stupid. Mr. Bunch testified he let defendant walk out of the store because he was afraid.
Defendant contends the jury should not have believed Mr. Bunch's testimony because it was internally inconsistent. He first claims Mr. Bunch's testimony was inconsistent with the surveillance videotape from the store. Defendant argues the videotape does not show any interaction between him and Mr. Bunch and does not show he was armed with a gun. A review of the videotape shows limited views within the store. Specifically, the videotape only shows the interior side of the door and the cash register area. Defendant is seen entering the store and exiting the store, but his movement within the store is not shown. There was no evidence presented at trial that the confrontation between Mr. Bunch and defendant occurred at either of these two locations or within the purview of the surveillance cameras. Therefore, there is no inconsistency between the videotape and Mr. Bunch's testimony. Additionally, the fact the videotape does not show defendant with a gun does not contradict Mr. Bunch's testimony. Mr. Bunch testified he saw the gun under defendant's shirt when defendant lifted his shirt. Since the videotape did not track defendant's every move, the fact the gun is not seen on the videotape is of no consequence.
Defendant next claims Mr. Bunch's testimony was inconsistent with the prior statement he gave to the police. On cross-examination, defense counsel attempted to impeach Mr. Bunch by using the statement he gave to the police after the incident. Mr. Bunch initially testified he did not remember defendant stating he would return to pay for the beer. He was asked to review his statement to the police after which he recalled defendant stating he would pay for the beer. After being made aware of the discrepancy, the jury nonetheless appeared to find Mr. Bunch credible.
The question of the credibility of the witness is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. The credibility of a witness will not be re-weighed on appeal. In the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed, is sufficient to support a conviction. State v. Johnson, 00-1552 (La.App. 5 Cir. 3/28/01), 783 So.2d 520, 527, writ denied, 01-1190 (La.3/22/02), 811 So.2d 921.
*459 Based on the foregoing discussion, we find that a rational trier of fact, accepting Mr. Bunch as credible, could have found that the state proved, beyond a reasonable doubt, the essential elements of the charged offense of armed robbery. See State v. Billard, 03-319 (La.App. 5 Cir. 7/29/03), 852 So.2d 1069, 1073, writ denied, 03-2437 (La.2/6/04), 865 So.2d 739, where this court held that if property is taken from a victim's presence by intimidation with a dangerous weapon, even if the defendant did not verbally threaten or demand anything of value from the victim, the evidence is sufficient to sustain a conviction for armed robbery. Because the evidence is sufficient to support the charged offense, defendant is not entitled to a reversal of his conviction of the lesser offense, simple robbery, regardless of whether the responsive verdict is supported by the evidence. Accordingly, the arguments raised by defendant in this assigned error are without merit.

DOUBLE JEOPARDY
By this assignment, defendant argues that his 1997 guilty plea was still in place when the state re-prosecuted him for the same offense thereby constituting double jeopardy. He contends the federal order granting his habeas corpus relief simply remanded the matter to the district court to vacate the plea and determine whether he would be re-tried. He maintains there is nothing in the record indicating his 1997 plea was ever set aside before the state instituted the second prosecution.
Defendant was first charged with the November 1996 armed robbery of Sherman Bunch in a bill of information dated January 15, 1997. He pled guilty to a lesser charge of first degree robbery on November 20, 1997, pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and was sentenced to fifteen years in accordance with a plea agreement. He subsequently filed an application for post-conviction relief seeking to set aside his guilty plea on the basis of ineffective assistance of counsel which resulted in an unknowing and unintelligent guilty plea. The application was denied by the trial court, and both this court and the Louisiana Supreme Court denied defendant's writs.
Thereafter, in June of 1999, defendant sought relief in federal court by filing a writ of habeas corpus in the Eastern District of Louisiana again claiming, among other things, that his plea was involuntary. The federal court found that defendant's guilty plea was not voluntary and knowing because the factual basis supporting the plea was incorrect. On August 24, 2000, the federal court issued an order which granted defendant's request for habeas corpus relief.
On October 30, 2000, the state filed a new bill of information charging defendant with the same two counts originally charged in the 1997 bill of information: the 1996 armed robbery of Sherman Bunch and the 1996 first degree robbery of Paul and Eugene Autry. Pursuant to the federal court order, the state, on November 21, 2000, filed in federal court its notice of intent to re-try defendant.
Defendant argues the federal court order and judgment did not set aside his guilty plea but rather ordered the state district court to do so. The state argues to the contrary and maintains the federal court order and judgment effectively set aside defendant's guilty plea without any further action by the state district court.
In the present case, whether the federal court order effectively set aside defendant's guilty plea is a matter of interpretation. In his federal application for relief, defendant claimed his plea was involuntary and sought any relief he was entitled to by *460 law. The federal court granted defendant's request for habeas corpus relief finding defendant's plea was involuntary. Although neither the federal court order nor judgment expressly set aside defendant's guilty plea, we conclude that the granting of the relief requested effectively vacated defendant's guilty plea. Accordingly, there is no merit to defendant's double jeopardy argument.

VIOLATION OF PLEA AGREEMENT
Based on his belief that the 1997 plea agreement was never set aside, defendant argues that the state violated the terms of that agreement when it filed a multiple offender bill of information. He contends he agreed to plead guilty to first degree robbery and serve a fifteen year sentence and the state agreed not to file a multiple bill. Defendant asserts he fulfilled the plea agreement by pleading guilty and serving his full sentence, with credit for good time. Thus, he maintains the state's filing of the multiple bill violates the terms of the plea agreement.
Since we have concluded that the federal court order granting defendant's writ of habeas corpus effectively set aside his guilty plea, we find no merit to defendant's argument that there was a violation of the plea agreement. Accordingly, this assigned error is without merit.

JURY CHARGES
Defendant argues that the trial judge erred in failing to charge the jury with the elements of theft and shoplifting. He asserts that if the jury had believed defendant was only guilty of theft or shoplifting, they would have found him not guilty of the charged offense. He further asserts the trial judge erred in failing to re-advise the jury of their obligation to acquit when he re-read the definitions of the responsive verdicts in response to a jury question.
Prior to closing arguments, the trial judge noted that he had made available to the state and defense copies of the jury charges and verdict form. He then asked both parties whether they had any objections to the proposed jury instructions and verdict form. Defense counsel stated, "[w]e have no objections. Everything looks fine as to both the charge, as well as the  verdict form." Following closing arguments, the trial court instructed the jury. Defense counsel made no objections during the charging of the jury. Shortly after the jury retired to deliberate, the jury made three requests. One request was for the definitions of the lesser included offenses. The jury was brought back into the courtroom and the definitions of the responsive verdicts were re-read. Again, defense counsel lodged no objections to the re-charging of the jury.
Under LSA-C.Cr.P. art. 801(C), a party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. State v. Elliott, 04-936 (La.App. 5 Cir. 2/15/05), 896 So.2d 1110, 1113. The failure of defense counsel to object to the jury charges precludes appellate review of any issue relating to the jury charges. State v. Dauzart, 02-1187 (La.App. 5 Cir. 3/25/03), 844 So.2d 159, 167.
However, in the following assignment of error, defendant claims he received ineffective assistance of counsel because of his trial counsel's failure to request a special charge on theft and shoplifting and failure to object to the initial jury instructions and the re-instruction of the jury. A claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction *461 relief, filed in the trial court where a full evidentiary hearing can be conducted, rather than direct appeal. However, it is well settled that when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993); State v. Young, 99-1054 (La.App. 5 Cir. 2/16/00), 757 So.2d 797, 803. We find the record sufficient to address defendant's ineffectiveness claim as it relates to the jury charges.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the 1974 Louisiana Constitution. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show 1) his attorney's performance was deficient, and 2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice for purposes of ineffective assistance of counsel, the defendant must demonstrate that but for counsel's unprofessional conduct the outcome of the trial would have been different. Effective assistance of counsel does not mean errorless counsel or counsel who may be judged ineffective on mere hindsight. State v. Young, 757 So.2d at 803.
In the present case, we cannot say that trial counsel's performance in failing to request a special jury charge or to object to the jury instructions was either deficient or prejudicial. Under LSA-C.Cr.P. art. 802(1), the trial court is required to charge the jury "as to the law applicable to the case." Both the state and the defendant shall have the right to submit special jury charges. Special requested jury charges are governed by LSA-C.Cr.P. art. 807, which provides that a special charge shall be given by the court "if it does not require qualification, limitation or explanation, and if it is wholly correct and pertinent." "When a count of the indictment sets forth an offense which includes other offenses of which the accused could be found guilty under the provisions of Article 814 or 815, the court shall charge the jury as to the law applicable to each offense." LSA-C.Cr.P. art. 803.
LSA-C.Cr.P. art. 814 provides in pertinent part:
A. The only responsive verdicts which may be rendered when the indictment charges the following offenses are:
22. Armed Robbery:
Guilty.
Guilty of attempted armed robbery.
Guilty of first degree robbery.
Guilty of attempted first degree robbery.
Guilty of simple robbery.
Guilty of attempted simple robbery.
Not guilty.
The Louisiana Supreme Court has consistently held that when responsive verdicts are mandated by LSA-C.Cr.P. art. 814, the trial court is without authority to vary or add to the prescribed verdicts. State v. Square, 433 So.2d 104, 109 (La.1983); State v. Norman, 03-248 (La.App. 5 Cir. 5/28/03), 848 So.2d 91, 95, writs denied, 03-1934 (La.1/9/04), 862 So.2d 981, and 03-1938 (La.1/9/04), 862 So.2d 982. See State v. Farhood, 02-490 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 223, where this court found no error when the trial court refused to give a requested charge on a non-responsive verdict.
*462 Defendant relies on State v. Marse, 365 So.2d 1319 (La.1978) to support his position that the jury may be charged with a non-responsive crime. Marse stated that the trial court is required to charge the jury, when properly requested, "as to the law applicable to any theory of defense which a jury could reasonably infer from the evidence." Id. at 1323.
While it is unclear whether a special charge of theft and/or shoplifting should have been given under the rationale of Marse, the lack of the special charge is not reversible error. As in Marse, the record in the present case shows the jury was fully instructed to acquit defendant if it did not find defendant guilty of the charged offense or any of the lesser responsive verdicts. The trial judge specifically instructed the jury on this point and defense counsel argued throughout his entire closing argument that defendant was only guilty of theft. Defense counsel explained, without objection, that theft was not a responsive verdict and that they would have to acquit defendant even if they found him guilty of theft. Thus, under the rationale of Marse, any failure of the trial court to give a special charge for a non-responsive crime was not reversible error.
Defendant also contends his trial counsel was deficient in failing to object to trial judge's failure to include an instruction about acquitting defendant if the jury had reasonable doubt as to the charged offense or all grades of the offense when he re-charged the jury in response to a jury request. While defendant concedes the jury was given the requisite charge during the original jury instructions, he argues the charge should have been given again when the jury was re-charged.
One of the requests the jury made during deliberations was for the definitions of the responsive verdicts. The trial judge re-read the definitions per the request. Another instruction on the duty to acquit would not have been responsive to the jury's specific inquiry. The trial judge provided the jury with the additional instructions they requested. Since the trial judge provided the jury with precise instruction during the initial jury charge on its duty to acquit, he was not required to re-read that instruction when the jury asked for clarification on the definitions of the responsive verdicts.
In summary, the trial judge did not err in failing to instruct the jury on the elements of theft and shoplifting. Neither offense is a responsive verdict to armed robbery. Furthermore, defendant's trial counsel's failure to request a special jury instruction on theft and shoplifting did not constitute ineffective assistance of counsel. The jury was adequately instructed that if they did not find the elements of the charged offense or any of the lesser included offenses they should return a not guilty verdict. Based on the foregoing discussion, the arguments raised by defendant in this assigned error are without merit.

INEFFECTIVE ASSISTANCE OF COUNSEL
Defendant argues that he was denied effective assistance of counsel on two grounds: 1) his counsel failed to display critical impeachment evidence to the jury, and 2) his counsel failed to request a special charge and/or failed to advise the jury of its obligation to acquit if a non-responsive offense was established. The second ground was addressed in the previous assignment of error relating to jury charges. Thus, this discussion is limited to defendant's argument on the first ground.
Defendant maintains his entire defense rested on the inconsistencies between Mr. Bunch's trial testimony and Mr. Bunch's *463 prior statement to the police. He contends that the prior statement was admitted into evidence but claims his counsel was ineffective for failing to ask that the jury be allowed to read the statement. The state responds that trial counsel specifically cross-examined Mr. Bunch about the inconsistencies, and therefore, the inconsistencies were brought to the jury's attention. The state contends having the jury read the statement would have simply been cumulative.
During cross-examination, defense counsel asked Mr. Bunch several questions about his prior statement to the police on December 10, 1996. Right before the defense rested its case, defense counsel moved to admit Mr. Bunch's prior statement into evidence and it was accepted without objection. The transcript does not indicate that the jury was ever given a transcript of the statement to review. Shortly after the jury retired to deliberate, they made a request to see the December 10, 1996 statement. The jury was advised that written documentation could not be taken into the jury room. Defendant complains his counsel's failure to publish the statement to the jury during trial constituted ineffective assistance of counsel.
Defendant's allegation relates directly to trial strategy. Where the issue of ineffectiveness is linked to counsel's choices for trial strategy, an evaluation of the claim is best made after an evidentiary hearing. State v. Bright, 03-489 (La.App. 5 Cir. 10/28/03), 860 So.2d 196, 207, writ denied, 03-3409 (La.4/2/04), 869 So.2d 875. Thus, defendant's allegation is more appropriately addressed by an application for post-conviction relief where an evidentiary hearing can be conducted.

INSTITUTION OF PROSECUTION
Defendant argues that the state should have re-instituted proceedings against him through a grand jury indictment rather than a bill of information. He contends the state knew it was going to multiple bill defendant which exposed him to a life sentence. Defendant asserts that because a multiple bill enhances the penalty for a substantive crime, the punishment defendant is actually exposed to should determine the charging vehicle and resulting mode of trial rather than the penalty for the substantive charge. Thus, he maintains he should have been charged by an indictment because the state knew it would subsequently seek a life sentence under the habitual offender laws.
Article I, § 15 of the 1974 Louisiana Constitution provides in part:
Prosecution of a felony shall be initiated by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury.
In State v. Alexander, 325 So.2d 777, 778-779 (La.1976), the Louisiana Supreme Court made it clear that Article I, § 15 of the Louisiana Constitution "was not intended to and does not apply to the institution of enhanced-penalty proceedings" under LSA-R.S. 15:529.1. The supreme court stated that the classification of felonies for initiation of prosecution is "founded upon the general penalty applicable to the substantive crime charged ... not upon any enhanced penalty to which any particular individual might be subject because of his prior convictions." The supreme court explained that the "post-conviction enhanced-penalty proceedings have no functional relationship to the innocence or guilt of the crime for which prosecution is initiated either by grand-jury indictment or by (bill of) information," stating that the grand jury's function is to inquire into an offense and to indict for an offense if the evidence so indicates. See also State *464 v. Delandro, 01-2514 (La.App. 1 Cir. 5/10/02), 818 So.2d 1011.
The jurisprudence is clear that the classification of felonies for initiation of prosecution is based on the penalty applicable to the substantive crime and not the enhanced penalty to which a defendant might be subjected. In the present case, defendant was charged with armed robbery and first degree robbery, neither of which requires a life sentence. LSA-R.S. 14:64 and 14:64.1. Therefore, initiation of prosecution is either by indictment or by bill of information. Accordingly, this assigned error is without merit.

MULTIPLE OFFENDER PROCEEDINGS
Defendant argues the multiple offender bill of information was untimely and should be quashed. We find this issue to be premature since the multiple offender proceedings are still pending in the district court.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). The review reveals no errors in this case.
For the reasons set forth herein, defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] The state subsequently dismissed count two.
[2] Defendant was sentenced on April 15, 2004. At that time, defendant had been incarcerated since November 1996 and had served the maximum sentence for simple robbery under LSA-R.S. 14:65.
[3] When the issues on appeal relate to both sufficiency of the evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. State v. Hearold, 603 So.2d 731, 734 (La. 1992).