957 So.2d 199 (2007)
STATE of Louisiana
v.
Kelvin HARRISON.
No. 06-KA-897.
Court of Appeal of Louisiana, Fifth Circuit.
March 27, 2007.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Anne Wallis, *200 William C. Credo, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Prentice L. White, Attorney at Law, Louisiana Appellate Project, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
EDWARD A. DUFRESNE, JR., Chief Judge.
On May 11, 2005, the Jefferson Parish District Attorney filed a bill of information charging defendant, Kelvin Harrison, with four counts of battery upon a police officer while in jail, violations of LSA-R.S. 14:34.2(B). On January 11, 2006, defendant proceeded to trial on counts one, two and four before a six-person jury, which found him guilty as charged on counts one and two and guilty of simple battery on count four.[1]
On January 27, 2006, the trial judge sentenced defendant to imprisonment at hard labor for three years on counts one and two, without benefit of parole, probation or suspension of sentence, and six months in the Jefferson Parish Correctional Center on count four. The judge ordered that the sentences be served consecutively with each other and with any other imposed sentence.
That same day, the state filed a multiple offender bill of information alleging defendant to be a third felony offender. On June 30, 2006, the state amended the multiple offender bill to allege that defendant was a second felony offender, and the matter thereafter proceeded to a hearing. After considering the evidence presented, the trial judge found defendant to be a second felony offender, vacated the sentence on count one, and resentenced defendant to imprisonment at hard labor for ten years without benefit of probation, parole or suspension of sentence. The judge ordered that the sentence be served consecutively with any other sentences being served by defendant. Defendant now appeals.

FACTS
On April 4, 2005, Lieutenant Gary Cook and Deputy David Biondolillo of the Jefferson Parish Sheriffs Office were supervising a search of the inmate housing areas, known as "pods," in the Jefferson Parish Correctional Center. The actual searches were being conducted by twelve trainees. Defendant was among fifty inmates in the pod. Lieutenant Cook explained that the individual inmates were removed from the pod and told to face the wall. The inmates then were instructed to spread their legs and place their hands up high on the wall.
During the searches, Lieutenant Cook heard some argument on the opposite side of the area where he was located. He observed a trainee, Deputy Christopher Williams, trying to spread defendant's feet wider and place his hands higher on the wall. Defendant refused to comply. Lieutenant Cook intervened and told defendant that he needed to spread his feet wider and to put his hands up on the wall. Defendant answered that he had put his hands up and had spread his feet. Lieutenant Cook told defendant he had not done so far enough. When defendant still did not comply, Lieutenant Cook put his hand on defendant's shoulder and used his foot to move defendant's feet out further. He then picked up defendant's hand and placed it higher on the wall. Defendant started "mouthing off' and making threats. As a result, Lieutenant Cook handcuffed defendant's right wrist and *201 placed it behind defendant's back. Defendant then twisted away from the wall, but Lieutenant Cook pushed him back to the wall. Other officers intervened and they all ended up in a struggle. They fell first to the table and then to the floor. During the struggle, defendant struck Lieutenant Cook with his hand-cuffed right hand.
Deputies Biondolillo and Turner testified they assisted Lieutenant Cook. Deputy Biondolillo put defendant in an arm-hold after observing defendant spin away from Lieutenant Cook. During the struggle, defendant bit Deputy Biondolillo's finger and kicked Deputy Turner in the shin. Deputy Biondolillo had to go to the hospital for a tetanus shot.
Following the incident, an investigation by another officer revealed no wrongdoing by the deputies involved. In addition, none of the inmates filed complaints against any of the officers involved.
At trial, defendant testified that Lieutenant Cook kicked his ankles, which prompted defendant to curse at Lieutenant Cook. Thereafter, Lieutenant Cook placed defendant in handcuffs and Deputy Biondolillo struck him because he had cursed at Lieutenant Cook. Defendant testified that he did not see Deputy Turner at the jail that day. Defendant emphatically denied touching any of the officers. According to defendant, the officers beat him up. Defendant admitted that he did not file a complaint against any of the officers.
On appeal, defendant challenges the sufficiency of the evidence used to convict him. Specifically, defendant contends that the evidence is insufficient to support his convictions because the state failed to prove that the officers were performing their lawful duties when they were injured. According to defendant, the officers were not performing their lawful duties because they were abusing him and their aggressive behavior provoked the defendant's vulgar comments.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Collins, 04-1443 (La.App. 5 Cir. 7/26/05), 910 So.2d 454, 457.
Defendant was convicted of two counts of LSA-R.S. 14:34.2(B), which provides in pertinent part:
A. (1) Battery of a police officer is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty.
(2) For purposes of this Section, "police officer" shall include commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, constables, wildlife enforcement agents, state park wardens, and probation and parole officers.
(3) For purposes of this Section, "battery of a police officer" includes the use of force or violence upon the person of the police officer by throwing feces, urine, blood, saliva, or any form of human waste by an offender while the offender is incarcerated by a court of law and is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility.
B. (1) Whoever commits the crime of battery of a police officer shall be fined not more than five hundred dollars and imprisoned not less than fifteen days nor *202 more than six months without benefit of suspension of sentence.
(2) If at the time of the commission of the offense the offender is under the jurisdiction and legal custody of the Department of Public Safety and Corrections, or is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility, the offender shall be fined not more than one thousand dollars and imprisoned with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years. Such sentence shall be consecutive to any other sentence imposed for violation of the provisions of any state criminal law.
Defendant was also convicted of one count of simple battery, which is defined in LSA-R.S. 14:35 as "a battery committed without the consent of the victim." A battery is defined in LSA-R.S. 14:33 as "the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another."
In this case, the thrust of defendant's argument is that the officers were inadvertently injured when the officers abused him after he uttered an expletive to Lieutenant Cook, which was prompted by Lieutenant Cook's kicking him. At trial, the jury heard the testimony from Lieutenant Cook that defendant struck him while he attempted to subdue defendant after his refusal to cooperate. They also heard the testimony of Deputy Biondolillo that defendant bit him while he was attempting to assist Lieutenant Cook. Further, Deputy Turner testified that defendant kicked him while he was attempting to help the other two officers. All three officers testified they were in uniform and were performing their duties at the jail. The jury also heard defendant's testimony that he cursed at Lieutenant Cook when he kicked defendant's ankles, as well as his denial that he struck, bit, or kicked any of the officers.
The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness; thus, a reviewing court may impinge upon the fact finder's discretion only to the extent necessary to guarantee fundamental due process of law. State v. Howard, 98-64 (La.4/23/99), 751 So.2d 783, 801, cert. denied, 528 U.S. 974, 120 S.Ct. 420, 145 L.Ed.2d 328 (1999). In returning the guilty verdicts, the jury obviously rejected defendant's version of the events and resolved any credibility issues in favor of the state. Viewing the evidence in the light most favorable to the prosecution, rational jurors could have found beyond a reasonable doubt that the defendant was guilty as charged in counts one and two (Lieutenant Cook and Deputy Biondolillo) and guilty of the responsive verdict of simple battery in count four (Deputy Turner).
We have also reviewed the record for errors patent, according to LSA-C.Cr. P.art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors which require corrective action.
For the reasons set forth herein, we affirm defendant's convictions and sentences.
AFFIRMED.
NOTES
[1] Count three of the bill of information was subsequently dismissed.